ALFRED PAUL HERNANDEZ, Appellant, v. FIRST
FINANCIAL INSURANCE COMPANY, Respondent.

No. 21007

December 20, 1990                    802 P.2d 1278

*Bradley and Drendel,* and *William C. Jeanney,* Reno, for
Appellant.

*Margo Piscevich,* Reno, for Respondent.

## OPINION

*Per Curiam:*

Pursuant to stipulation for purposes of this case, the facts are
as follows. On November 5, 1988, a fight broke out at the Zephyr
Bar in which appellant Alfred Hernandez (Hernandez) was not
involved. During the fight, bar employee David Kretchman, a
bouncer, unprovokedly beat and kicked Mr. Hernandez severely.
Based on this incident, Hernandez sued Kretchman and Zephyr
Bar on two causes of action pertinent to this appeal: (1) assault
and battery, and (2) negligence in hiring, training and supervising
Kretchman because Kretchman was known to be dangerous.

Respondent First Financial Insurance Company (First Finan-
cial) had issued Zephyr Bar an owner-landlord-tenant liability

policy which covered various bodily injury damages for occurrences on the property. Contained in an endorsement to the policy is the following exclusion of coverage for assault and battery:

> It is agreed and understood that this insurance does not apply to bodily injury or property damage arising out of assault and battery or out of *any* act or *omission in connection with the prevention* or suppression of such acts, whether caused by or at the instigation or direction of the insured, his employees, patrons or any other person.

(Emphasis added.) Hernandez does not contest the clarity or prominence of this endorsement.

On behalf of Zephyr Bar and Kretchman, First Financial accepted the tender of defense of Hernandez' lawsuit pursuant to reservation of rights letters. On May 4, 1989, First Financial filed the instant complaint for declaratory relief against Zephyr, Kretchman and Hernandez on the grounds that the assault and battery exclusion in the policy precluded any liability under the policy based on this incident. The district court granted First Financial's motion for summary judgment, concluding that the assault and battery exclusion precluded coverage. Hernandez appeals.

Hernandez contends that district court erred in concluding that the assault and battery exclusion covers his cause of action for negligent hiring, training and supervision. He asks this court to apply multiple concurrent causation doctrines discussed in such insurance cases as Garvey v. State Farm Fire and Cas. Co., 770 P.2d 704 (Cal. 1989). *Garvey* discusses multiple concurrent causation doctrines in insurance law which allow recovery in some circumstances where two causes, one excluded from and the other included in coverage, combine to cause an injury. Hernandez argues that there were two concurrent causes of his injuries operating in this case: (1) the assault and battery itself (clearly an excluded risk) and (2) the antecedent negligent hiring (arguably a covered risk). Hernandez concedes that the exclusion precludes coverage for the assault and battery. He contends, however, that the antecedent negligent hiring is a separate concurrent cause of his injury.

We need not address *Garvey* and the question of the multiple concurrent causation doctrines urged by Hernandez. Hernandez' argument assumes that the second, concurring cause (negligent hiring, training or supervision) was a covered risk. In accord with First Financial's contention, we conclude that this particular policy exclusion unambiguously includes both damages arising from the assault and battery itself and negligent hiring, training

or supervision. First Financial correctly cites to a case which states that a virtually identical exclusion covers negligent hiring. *See* St. Paul Surplus Lines Ins. Co. v. 1401 Dixon's, 582 F.Supp. 865 (E.D.Pa. 1984); *see also* Stiglich v. Tracks, D.C., Inc., 721 F.Supp. 1386 (D.D.C. 1989) (nearly identical assault and battery exclusion; damages for failure to hire adequate security excluded). Additionally, and most important here, negligent hiring constitutes a failure to prevent an assault and battery. Failure to prevent an assault and battery is covered by the broad language in this particular exclusion, which refers to *"any . . . omission in connection with* the prevention" of assault and battery. (Emphasis added.)

For the reasons stated above, we affirm the judgment of the district court in its entirety.