**ESSEX INSURANCE COMPANY, a Delaware corporation, Plaintiff,**

v.

**Frank YI, an individual, Sandra Chu Yi, an individual, and Ryan J. De Jesus, an individual, Defendants.**

**No. C–91–4030 FMS.**

United States District Court, N.D. California.

April 30, 1992.

Lesley E. Woodberry, James C. Nielsen, Wright Robinson McCammon Osthimer & Tatum, San Francisco, Cal., for plaintiff.

Gordon J. Lau, Gordon J. Lau Law Offices, Stanley J. Bell, Sally G. Bechthold, Law Offices of Stanley J. Bell, San Francisco, Cal., for defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

FERN M. SMITH, District Judge.

### INTRODUCTION

This action arises from a dispute between Essex Insurance Company ("Essex") and its insureds, Frank Yi and Sandra Chu Yi, and Ryan J. De Jesus, a claimant against the Yis. Essex seeks a declaratory judgment that it has no obligation to defend and/or indemnify the Yis in De Jesus's pending state court action against the Yis for personal injury, general negligence and intentional tort. This Court has jurisdiction pursuant to 28 U.S.C. section 1332.

Essex moves for summary judgment seeking a declaration that the insurance policy at issue does not require Essex either to defend the Yis or to indemnify them for claims arising from the underlying action. The Yis and De Jesus counter that this matter is not ripe for declaratory relief. They also seek sanctions against Essex pursuant to Rule 11 of the Federal Rules of Civil Procedure.

### FACTUAL BACKGROUND

#### A. *The Policy*

Essex's policy no. 3AC2779 (the "policy"), issued to the Yis, affords general property and liability insurance for the Yis' Amusement Center/Video Arcade located at 447 Broadway, San Francisco. The original policy period ran from April 11, 1989 to April 11, 1990. The policy was renewed by endorsement to extend coverage under the same terms and conditions from April 11, 1990 to April 11, 1991. The policy contains the following general provision:

> the company will pay on behalf of the insured all sums the insured shall become legally obligated to pay as damages because of A. Bodily injury and B. Property damage to which this insurance applies, caused by an occurrence and arising out of the ownership, maintenance or use of the insured premises and all operations necessary or incidental thereto, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, . . .

The policy includes the following definitions for "bodily injury" and "occurrence":

> "Bodily injury" means bodily injury, sickness or disease sustained by any person which occurs during the policy period;

> \* \* \* \* \* \*

> "occurrence" means an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured;

The policy further contains an "Assault and Battery Exclusion:"

> It is agreed that the insurance does not apply to bodily injury or property damage arising out of assault and battery or out of any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the

instigation or direction of the insured, his employees, patrons or any other person.

Essex argues that the latter provision bars defense and/or coverage of the underlying action here.

## B. *The Underlying Action*

The underlying action is now pending in the Superior Court for the County of San Francisco. *Ryan J. De Jesus v. Frank Yi, Sandra Yi, Frank W. Haring, et al.*, No. 936569 (the "De Jesus action"). De Jesus seeks compensatory and punitive damages against the Yis and others based on causes of action for general negligence and intentional tort. De Jesus alleges that he sustained physical injuries on September 23, 1990 in a confrontation with the Yis' employee, defendant Frank W. Haring, in the Yis' amusement center.

In the first cause of action for general negligence, as recited in plaintiff's memorandum of points and authorities in support of the motion for summary judgment, De Jesus alleges that the defendants

> negligently and carelessly owned, leased, operated, maintained, controlled and managed their premises at the aforementioned location and so negligently and carelessly hired, supervised and controlled personnel on said premises in that defendant FRANK W. HARING, acting for and on behalf of all other defendants herein, negligently and carelessly physically assaulted, grabbed, pulled and committed a battery upon the person of plaintiff, thereby causing him to sustain severe personal injuries.

In the second cause of action, De Jesus sued the Yis as Haring's employers for intentional tort alleging, that while acting within the scope of his employment

> HARING physically grabbed and pulled plaintiff and bodily threw him out [sic] the premises and onto the ground; that ... HARING was aware of the probable dangerous consequences of his conduct in assaulting, grabbing, aforesaid, [sic] and willfully, wantonly, deliberately and intentionally caused injury to plaintiff and willfully, wantonly and deliberately

failed to avoid the consequences of his acts; that as a direct and proximate result of the conduct hereinafter referred to, ... HARING assaulted, grabbed, pulled and committed a battery upon the person of plaintiff, thereby causing him to sustain severe personal injuries.

In their answer, the Yis respond that Defendant HARING ... did necessarily and unavoidably beat, bruise, and ill treat plaintiff but no more than was reasonably necessary for his defense. Any damage or injury suffered by plaintiff was occasioned by his own wrongful acts; the acts of Defendant HARING are the same acts of which plaintiff complains.

## C. *This Action*

On November 18, 1991, Essex filed this action seeking a declaration that the policy's "Assault and Battery" exclusion precludes coverage for defense or indemnity with regard to the De Jesus action; that the De Jesus action does not allege any claim for damages caused by an "occurrence" as this term is defined in the policy; and, alternatively, that the Yis breached the policy's provisions relating to notice and cooperation.[1] Essex contends that an actual case or controversy exists between Essex and De Jesus concerning their respective rights and duties under the policy with regard to the De Jesus action.

On March 6, 1992, Essex moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Essex contends that the facts regarding the scope of the allegations in the De Jesus complaint and the terms of the assault and battery exclusion are not disputed, so that no material facts are in dispute.

The Yis, joined by De Jesus, oppose the summary judgment motion and request the Court to stay further proceedings in this action until completion of the underlying state court proceedings, or, in the alternative, to dismiss the complaint and order Essex to pay the attorney's fees and other costs the Yis incurred in the state court

---

1. Essex does not move for summary judgment on the latter two grounds.

proceeding. Additionally, the Yis request the Court to sanction Essex pursuant to Rule 11 for failing to cite relevant case law, and for forcing the Yis to defend in two courts instead of asking for a declaration in the state court and then moving to consolidate the two state court actions.

## DISCUSSION

### A. *Declaratory Relief Is Appropriate To Negate a Duty To Defend*

Many federal courts have held that declaratory relief is appropriate to negate a duty to defend. In *Continental Casualty Co. v. City of Richmond,* 763 F.2d 1076 (9th Cir.1985), the Ninth Circuit affirmed a summary judgment granting a declaration of non-coverage in favor of the insurer on the grounds that all the allegations of the complaint against the insured fell within the exclusionary clause of the policy. *See also Riehl v. Travelers Ins. Co.,* 772 F.2d 19, 23 (3d Cir.1985) ("Since all relevant events appear from the record to have occurred, we hold that this case is ripe for adjudication."); *Colton v. Swain,* 527 F.2d 296, 303 (7th Cir.1975) ("We note also that questions of an insurer's duty to defend are ripe for declaratory relief.").

California's state courts also recognize the propriety of declaratory relief in this setting. *See, e.g., Fire Ins. Exch. v. Abbott,* 204 Cal.App.3d 1012, 1029, 251 Cal. Rptr. 620, (1988) (" '[w]here there is no possibility of coverage, there is no duty to defend' [citation] and the insurer is entitled to declaratory relief if the underlying civil action will not resolve issues affecting coverage.").

■ The instant action does not involve the same factual issues as the action before the state court. For the reasons explained below, the outcome of the De Jesus action will have no impact on the instant action, nor will the ruling in this case impact any findings of fact or conclusions of law in the state case. This action is, therefore, ripe for declaratory relief.

### B. *The Assault And Battery Exclusion Bars Coverage*

■ Defendants contend that the Court cannot determine whether the assault and battery exclusion bars coverage without awaiting the outcome of the underlying De Jesus action. They argue that if the state court proceedings determine that Haring's conduct was justified (and therefore not "unlawful" as the definition of battery requires), no assault or battery occurred and the exclusion is inapplicable. Defendants, however, ignore two key aspects of the exclusion: (1) it reaches an assault and battery by "any person," not only the insureds and their employees; and (2) it bars coverage not only for damages arising from assault and battery but also for damages arising from "any act or omission in connection of the prevention or suppression of such acts."

Based on the pleadings in the state court as well as the police report attached to the De Jesus' state court complaint, it is undisputed that a physical confrontation between Haring and De Jesus took place at the Yis' amusement center. The complaint alleges that Haring "assaulted, grabbed, pulled and committed a battery upon the person of plaintiff, thereby causing him to sustain severe personal injuries." The Yis' answer acknowledges that Haring "did necessarily and unavoidably beat, bruise, and ill treat plaintiff" but asserts that he did so in self-defense.

The San Francisco Police Department incident report (no. 901264010) describes the De Jesus/Haring confrontation as "mutual combat." The report indicates that Haring grabbed De Jesus, possibly after De Jesus kicked him.

Because the California Supreme Court has never addressed the precise issue here, this Court's role is to predict what the California Supreme Court would decide if presented with this question. There are no California cases, nor federal cases applying California law, that are directly on point. The Court therefore looks to other jurisdictions.

The Seventh Circuit recently found that a similar assault and battery exclusion ex-

cluded coverage where the complaint in the underlying action alleged assault and battery due to negligence:

> The insurance policy clearly excludes coverage "for any claim asserting a cause of action ... arising out of an assault and/or battery whether caused by ... [an] omission by ... the Insured, and/or his employees." The plain language of this exclusion precludes coverage for a suit alleging that the insured's negligence caused the assault and battery.

*United National Ins. Co. v. Entertainment Group, Inc.,* 945 F.2d 210, 213 (7th Cir.1991).

Faced with similar facts, the court in *St. Paul Surplus Lines Ins. Co. v. 1401 Dixon's, Inc.,* 582 F.Supp. 865, 868 (E.D.Pa. 1984) rejected the insured's self-defence theory as irrelevant and held that the assault and battery exclusion barred coverage of claims arising from an assault or battery by "any person":

> Dixon's depicts [the plaintiff] as the instigator of the fight who brandished a deadly weapon and was struck by another in self-defense. In that situation, it is contended that there could be no liability for assault and battery, but only for the negligent supervision of Dixon's parking lot. I cannot agree. [Plaintiff's] injuries still arose from an assault and battery, albeit his own. The controverted exclusion applies to an assault and battery committed by "any person." In order for the unknown assailant to have been justified in striking [plaintiff], [plaintiff's] actions would had to rise to the level of an assault and battery. Thus, [plaintiff's] initial assault and battery would ultimately have led to his own injuries. If the striking of [plaintiff] was not justified, then he was the direct victim of assault and battery, triggering the exclusion.

*See also Stiglich v. Tracks, D.C., Inc.,* 721 F.Supp. 1386, 1387 (D.D.C.1989). (exclusion for damage "arising out of assault and battery or out of any acts or omission in connection with the prevention or suppression of such acts" barred coverage of a

claim arising from alleged failure to hire sufficient security); *Terra Nova Ins. Co. v. Thee Kandy Store, Inc.,* 679 F.Supp. 476, 478 (E.D.Pa.1988) (assault and battery exclusion barred coverage for being "negligent in preventing the assault and battery" since "[r]egardless of the language of the allegations, the original cause of harm arose from an alleged assault and battery").

A number of state courts have also found similar exclusions to bar coverage where the complaint alleged acts that fell within the scope of the exclusion. *See Gregory v. Western World Ins. Co., Inc.,* 481 So.2d 878, 881 (Ala.1985) (exclusion for damage "arising out of assault and battery ... whether caused by or at the instigation or direction of ... patrons or any other person" barred coverage for an assault and battery of one patron by second patron); *Britamco Underwriter's, Inc. v. Zuma Corp.,* 576 So.2d 965 (Fla.Dist.Ct.App.1991) (assault and battery exclusion barred coverage for negligent failure to provide adequate security which resulted in one patron being assaulted and battered by other patrons); *Keifer v. Whittaker,* 468 So.2d 587, 588 (La.Ct.App.1985), *cert. denied,* 469 So.2d 979 (La.1985) (negligence of the insureds resulting in an assault and battery of a patron is excluded); *Illinois Employers Ins. of Wausau v. Dragovich,* 362 N.W.2d 767, 769 (Mich.App.1984) (assault and battery exclusion barred coverage for injuries to third person allegedly struck by employees of the insured "regardless of the label, be it negligence or intentional tort"); *Hernandez v. First Financial Ins. Co.,* 106 Nev. 900, 802 P.2d 1278 (1990) (assault and battery exclusion "includes both damages arising from the assault and battery itself and negligent hiring, training or supervision," therefore barring coverage for injuries sustained from employee's assault and battery).

Holdings from other jurisdictions are virtually unanimous in finding that the assault and battery exclusions apply to preclude coverage in similar cases. These decisions rely on traditional principles of contract interpretation; no compelling public

policy or other interest argues for a contrary result. This Court therefore believes that the California Supreme Court would rule consistently with these cases.[2]

Applying these precedents, the assault and battery exclusion bars coverage of the claim at issue irrespective of the outcome of the state court proceedings in the underlying action. Even if the state court ultimately vindicates Haring, the incident at issue nonetheless constituted either an "assault and battery" or "an act or omission in connection with the prevention or suppression of such acts." The outcome of the underlying action will not affect the applicability of the assault and battery exclusion and, on the other hand, this Court's ruling should in no way have any bearing on the outcome of that action. Essex is entitled to summary judgment; the assault and battery exclusion releases it from any obligation to defend or indemnify the Yis in the underlying action.

### C. *Rule 11 Sanctions*

Defendants allege that Essex failed to cite various cases (specifically, *Allstate Ins. Co. v. Harris*, 445 F.Supp. 847 (N.D.Cal.1978); *Zurich Ins. Co. v. Alvarez by and through Calva*, 669 F.Supp. 307 (C.D.Cal.1987); *Gray v. Zurich Insurance Co.*, 65 Cal.2d 263, 54 Cal.Rptr. 104, 419 P.2d 168 (1966)) and that sanctions are warranted. These cases, however, are not directly relevant to the current action. They involve actions in which the issues before the state court had a direct impact on the federal action, warranting a stay of the federal action pending the outcome of the state court's action. Because these cases are inapposite, defendant's request for sanctions is DENIED.

---

**2.** Defendants rely on cases concerning intentional injury exclusions; these cases are inapposite. Intentional injury exclusions preclude coverage for "loss caused by a wilful act of the insured." *Gray v. Zurich Ins. Co.*, 65 Cal.2d 263, 273, 54 Cal.Rptr. 104, 419 P.2d 168 (1966). Coverage is excluded only when the insured has a "preconceived design to inflict injury." *Clemmer v. Hartford Ins. Co.*, 22 Cal.3d 865, 887, 151 Cal.Rptr. 285, 587 P.2d 1098 (1978). Absent

### CONCLUSION

For the reasons discussed above:

1. Plaintiff's motion for a summary judgment is GRANTED.

2. Defendant's request for Rule 11 sanctions is DENIED.

SO ORDERED.

proof that the injury itself was intentionally caused, such an exclusion would not negate a duty to defend. By contrast, the assault and battery exclusions at issue precludes coverage for an entire class of risks arising from specified conduct and does not turn on the intent of the insured at all. If the acts fell within the scope of the exclusion, coverage is barred regardless of the Yis' intent.