**STATE FARM FIRE AND CASUALTY CO., Plaintiff,**

v.

**Dennis McINTOSH, et al., Defendants.**

**Civ. No. 93–20547 SW.**

United States District Court,
N.D. California.

Nov. 10, 1993.

Stephan A. Barber, Ropers, Majeski, Kohn & Bentley, San Jose, CA, for plaintiff.

Harry A. Griffith and Sterling Tao, Branson, Fitzgerald & Howard, Redwood City, CA, for defendants.

### ORDER DISMISSING CASE

SPENCER WILLIAMS, District Judge.

On October 8, 1993, Defendant Dennis McIntosh filed a Motion asking this Court (1) to decline jurisdiction over the above-captioned case and dismiss it, or, in the alternative, (2) to stay it pending the resolution of a related state court action. Having considered all the relevant facts and law, the materials submitted by the parties, and the arguments of counsel, the Court declines jurisdiction over the above-captioned case. Accordingly, it is DISMISSED WITHOUT PREJUDICE, and may be refiled in state court if Plaintiff so chooses.

### BACKGROUND

On January 4, 1993, Defendants Kathleen Hoenck, Carla Genoni, Lisa de la Rose and Christine Solidarios filed a Complaint in San-

ta Clara County Superior Court alleging, among other things, that Defendant Dennis McIntosh had sexually harassed them. Defendant McIntosh subsequently asked Plaintiff State Farm Fire and Casualty Company to defend and indemnify him pursuant to the terms of his homeowner's and personal liability umbrella policies. State Farm informed McIntosh on March 22, 1993, that it would defend him subject to a reservation of rights, pending a final judicial determination of State Farm's coverage obligations. On July 26, 1993, State Farm filed an action in this Court pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, against McIntosh, Hoenck, Genoni, de la Rosa and Solidarios, seeking a determination that State Farm has no duty to defend or indemnify McIntosh in the sexual harassment suit.

On October 8, 1993, Defendant McIntosh filed a Motion with this Court asking it to (1) decline to exercise jurisdiction over State Farm's declaratory judgment action and dismiss it, or, in the alternative, (2) to stay State Farm's federal action pending the resolution of the underlying action in state court. McIntosh's Motion was heard on November 10, 1993.

### DISCUSSION

■ The district courts have discretion to decline jurisdiction over suits brought pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, where no issues of federal law are present. *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494–495, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620 (1942), *reh'g denied*, 317 U.S. 704, 63 S.Ct. 23, 87 L.Ed. 562 (1942); *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1366 (9th Cir.1991); *Zurich Ins. Co. v. Alvarez*, 669 F.Supp. 307, 308 (C.D.Cal.1987); 6A J. Moore, J. Lucas & G. Grotheer, Jr., *Moore's Federal Practice*, ¶ 57.08[1] (2d ed. 1993). In considering whether to exercise jurisdiction, the district courts "must balance the concerns of judicial administration, comity, and fairness to the litigants." *Chamberlain*, 931 F.2d at 1367.

■ The Court declines jurisdiction over State Farm's suit for declaratory relief be-

cause (1) the exercise of jurisdiction would require the Court to determine facts which are also at-issue in state court; (2) the dispute between the parties may present issues of California law which are better left for resolution by the state courts; (3) the pendency of the federal declaratory action will undermine judicial economy and improperly effect the balance of settlement negotiations between the parties. *See Zurich*, 669 F.Supp. 307 (similar analysis and holding on very similar facts).

A. *The Exercise of Jurisdiction Would Required the Court to Determine Factual Issues Which Are Also at-Issue in State Court*

■ Both State Farm's Complaint for Declaratory Relief and the underlying state action involve at least one common factual issue: whether McIntosh acted wilfully. Federal courts should be reluctant to decide factual issues which are currently at-issue in state court. *Mitcheson v. Harris*, 955 F.2d 235, 239 (4th Cir.1992). Where a federal court determines such a factual issue, the parties may be collaterally estopped from litigating the issue further in the underlying state action. *Id.; Zurich*, 669 F.Supp. at 309; *Allstate Ins. Co. v. Harris*, 445 F.Supp. 847, 851 (N.D.Cal.1978). This disrupts the orderly adjudication of the underlying state case, since it forecloses the examination of some parts of the case while leaving other parts in need of resolution. *Mitcheson*, 955 F.2d at 239. This disruption not only effects the parties, but also adversely impacts the "interest in promoting comity between the federal and state courts." *Id.* Accordingly, the exercise of federal jurisdiction over State Farm's action would be inappropriate.

B. *The Exercise of Jurisdiction Could Require This Court to Determine Issues of State Law Which Are Better Left to the State Courts*

The district court pointed out in *Zurich*, 669 F.Supp. at 311, a case very similar to the one at bar, that if it should issue a declaratory judgment that Zurich had no duty to defend or indemnify its insured, complex is-

sues of state law would arise, such as (1) what effect that decision might have on the insurer's duty to defend while the federal case was on appeal; (2) what impact, if any, the filing or initial decision in the federal action might have on the insurer's responsibilities concerning settlement offers in the state action; and (3) who pays for the insured's cost of defense of the federal action and its appeal. The *Zurich* court believed that it was not proper for the federal courts to decide such complex issues of state law. *Id.*; accord *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966) ("[A] federal court should hesitate to exercise jurisdiction over state claims," since "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."); *Continental Cas. Co. v. Robsac Industries,* 947 F.2d 1367, 1371 (9th Cir.1991) ("Where ... the sole basis of jurisdiction is diversity of citizenship, the federal interest is at its nadir. Thus, the ... policy of avoiding unnecessary declarations of state law [in federal declaratory relief actions] is especially strong."); *Chamberlain,* 931 F.2d at 1367; *Mitcheson,* 955 F.2d at 237 ("There exists an interest in having the most authoritative voice speak on the meaning of applicable law, and that voice belongs to the state courts when state law controls the resolution of the case.").

State Farm's coverage claims are governed exclusively by state law. The exact nature of the state law issues which may arise is currently unforeseeable. However, as illustrated in *Zurich,* 669 F.Supp. at 311, this case may present complex state law issues of first impression. Accordingly, it is preferable that this case be resolved in state court.

### C. *Exercising Jurisdiction Would Undermine Judicial Economy and Improperly Effect Settlement Negotiations*

In *Zurich,* 669 F.Supp. at 310, the district court pointed out that because the underlying tort claim may be proved invalid in state court, it is preferable not to litigate in advance in federal court the issue of who should pay for the tort claim if it proves to be valid. For this reason, at least in principle, the expense of litigating coverage is best incurred only after a determination that the underlying claim is valid. Until then, the money is much better saved and used, if possible, to settle the claim in state court. *Zurich,* 669 F.Supp. at 310.

Furthermore, where, as here, the federal court's decision would not dispose of the entire controversy between the parties, "it makes no sense as a matter of judicial economy for a federal court to entertain a declaratory action, [since] the result would be to try [the] controversy by piecemeal." *Mitcheson,* 955 F.2d at 239 (citations omitted). "It hardly husbands scarce judicial resources to allow separate suits stemming from the same overall controversy and involving overlapping issues to proceed simultaneously on parallel tracks." *Id.; accord Continental Cas.,* 947 F.2d at 1373; *Chamberlain,* 931 F.2d at 1368.

The *Zurich* court also noted that the pendency of a federal suit for declaratory judgment regarding coverage may adversely effect settlement, and thereby undermine the efficiency of the dispute resolution process. *Zurich,* 669 F.Supp. at 310. For example, a state court plaintiff interested in settling his claim may be forced to await the determination of the federal suit. *Id.* Furthermore, the pendency of the federal suit may have a profound influence on settlement negotiations, tipping the balance unfairly in favor of the insurer. *Id.* at 310–11. The *Zurich* court believed that the use of declaratory judgment actions by the insurer "as a ploy to force settlement negotiations to a successful conclusion in the [underlying] state action" is an improper use of the federal forum, which undermines the federal court's "Constitutional function of deciding cases and controversies." *Id.* at 311; *but see Allstate Ins. Co. v.*

*Green,* 825 F.2d 1061, 1064 (6th Cir.1987); *ACandS v. Aetna Cas. & Sur. Co.,* 666 F.2d 819, 823 (3d Cir.1981) (advance federal adjudication of coverage allocates responsibilities and facilitates settlement, whereas delay prevents litigants from shaping settlement strategy).

The concerns expressed in *Zurich* and *Mitcheson* are present in this case. Accordingly, the Court declines to exercise jurisdiction.

### D. *The Authority Which State Farm Presents to Support the Exercise of Jurisdiction Is Not Persuasive*

State Farm does not attempt to factually distinguish *Zurich Ins. Co. v. Alvarez,* 669 F.Supp. 307 (C.D.Cal.1987), the case upon which McIntosh chiefly relies. Nor does State Farm present any binding authority which requires this Court to exercise jurisdiction. Rather, State Farm argues that because many courts have exercised jurisdiction in cases similar to the one at bar, the Court should ignore *Zurich,* since it is "against the weight of authority." *See* Opp. at 3.

The Court rejects State Farm's argument for two reasons: First, although it is true that many federal courts have exercised jurisdiction in coverage cases where the underlying action was still pending in state court, *see Essex Ins. Co. v. Yi,* 795 F.Supp. 319, 322 (N.D.Cal.1992) (citing cases) and *see* Opp. at 4–5 (listing additional cases),[1] the mere fact that other courts have chosen, in their discretion, to exercise jurisdiction does not require this Court to do so as well if it believes that a contrary holding is warranted.

Second, the key case upon which State Farm relies, *Essex Ins. Co. v. Yi,* 795 F.Supp. 319 (N.D.Cal.1992), is simply not persuasive. The *Essex* court offered no rea-

sons to support its decision to exercise jurisdiction except that the federal court's power to do so is clear. *See Essex,* 795 F.Supp. at 322. Contrary to State Farm's contention, *see* Opp. at 3, *Essex* does not reject, or even discuss, *Zurich*'s jurisdiction analysis. The only mention the *Essex* court makes of *Zurich* relates to the wholly separate issue of Rule 11 sanctions. *Essex,* 795 F.Supp. at 324. In fact, the *Essex* court expressly stated that *Zurich* was factually distinguishable, since the coverage issue in *Essex* did not involve the same factual issues as the underlying action pending in state court. *Essex,* 795 F.Supp. at 322, 324.

### CONCLUSION

Based on the above discussion, the Court declines to exercise jurisdiction over State Farm's suit for declaratory relief. Accordingly, it is DISMISSED WITHOUT PREJUDICE to be refiled in state court if the Plaintiff so chooses.

IT IS SO ORDERED.

---

1. At pages 4–5 of its Opposition, State Farm cites six cases, *seriatim,* to support its contention that the Ninth Circuit and Northern District of California have had "no compunctions about exerting jurisdiction in a federal declaratory relief action brought by an insurer concerning an underlying claim filed in state court." Not one of these six opinions discussed the district court's reasons for choosing to exercise jurisdiction.