NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 12 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THE BURLINGTON INSURANCE COMPANY, | No. 16-16899 |
| Plaintiff-Appellee, | D.C. No. 3:15-cv-00489-MMD-VPC |
| v. | |
| ROSA DE LA PUENTE; et al., | MEMORANDUM* |
| Defendants-Appellants, | |
| and | |
| CESAR SALMORAN, doing business as Mambo's Night Club, | |
| Defendant. | |

| | |
|---|---|
| THE BURLINGTON INSURANCE COMPANY, | No. 16-16986 |
| Plaintiff-Appellee, | D.C. No. 3:15-cv-00489-MMD-VPC |
| v. | |
| CESAR SALMORAN, doing business as Mambo's Night Club, | |
| Defendant-Appellant, | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

and

ROSA DE LA PUENTE; et al.,

    Defendants.

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted December 6, 2017[**]
San Francisco, California

Before:  M. SMITH and IKUTA, Circuit Judges, and MCAULIFFE,[***] District Judge.

Rosa De La Puente, Monica Varela, and Neiry Mora (the "De La Puente Appellants"), and Cesar Salmoran, appeal the district court's entry of summary judgment in a declaratory judgment action brought by The Burlington Insurance Company ("Burlington").  At issue is whether an insurance policy limits coverage to $25,000 for injuries sustained by the De La Puente Appellants on a nightclub's premises, because those injuries arose out of an assault and battery.  The district court held that it did, and we affirm.  We have jurisdiction under 28 U.S.C. § 1291.

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Steven J. McAuliffe, United States District Judge for the District of New Hampshire, sitting by designation.

We review de novo.  Trishan Air, Inc. v. Fed. Ins. Co., 635 F.3d 422, 426 (9th Cir. 2011).

Burlington insured "Cesar Salmoran DBA Mambo's Night Club," under a commercial general liability policy.  That policy excludes from coverage bodily injury "arising in whole or in part out of any 'assault' or 'battery.'"  The policy includes an endorsement, however, that extends limited coverage for such injuries, up to $25,000 per occurrence.

The parties agree about what happened at Mambo's Night Club in the early morning hours of July 7, 2013.  A physical altercation began in the club between Blake Maldonado, his brother, and a few other men.  The club's security employees removed the men from Mambo's, but the fight continued in the adjacent parking lot.  Maldonado and his brother were in Maldonado's car, driving around the lot, when the brother exited the car and resumed the fight.  Maldonado then sped around the parking lot in an effort to get back to and assist his brother.  His car struck the De La Puente Appellants, who happened to be in the lot, walking from the club.

The De La Puente Appellants make two arguments regarding the policy exclusion at issue.  First, they say that whether the injuries they suffered were the result of an "assault and battery" within the meaning of the policy is a question of

fact for a jury. Next, they argue that the policy's language is ambiguous, because conflicting provisions describe the exclusion.

Appellants, however, misread the policy in a critical respect. The assault and battery exclusion applies not only to injuries directly caused by an assault or battery, but also to injuries <u>arising out of</u> an assault and battery. Under Nevada law, such a "policy exclusion unambiguously includes both damages arising from the assault and battery itself and negligent hiring, training or supervision." <u>Hernandez v. First Fin. Ins. Co.</u>, 802 P.2d 1278, 1280 (Nev. 1990).

The rolling physical altercation that began in the club and continued out in the parking lot (continuing assaults and batteries) falls squarely within the policy's definitions of "assault" (an "attempt or threat to inflict injury upon the person of another, or any display of force such as would give a person reason to fear or expect immediate bodily harm"), and "battery" ("physical contact with a person without his or her consent that entails some injury or offensive touching"). And, in speeding around the parking lot to rejoin the fight, Maldonado was plainly still engaged in the altercation.

Appellants also seek to avoid the exclusion and coverage limitation by positing a distinct negligence theory of liability. <u>Hernandez</u> rejected a similar argument. The court held that "[f]ailure to prevent an assault and battery is covered by the broad language in [the] exclusion, which refers to '<u>any</u> . . . omission

in connection with the prevention' of assault and battery." 802 P.2d at 1280 (emphasis in original). The De La Puente Appellants claim that, rather than arising from an assault, their injuries can be attributed to other distinct causes, such as Mambo's negligent creation of a dangerous environment, its failure to prevent the fight that began in the club (by failing to admit "only law-abiding patrons," or to adequately train staff, and by admitting individuals into Mambo's who would not "adhere to reasonable conduct"), as well as its negligent response to the fight (failing to separate the "two groups involved in the situation"). In other words, the De La Puente Appellants argue, in substance, that their injuries were caused by Mambo's failure to prevent the altercation, and failure to adequately suppress or halt the altercation. As in Hernandez, because the policy here excludes from coverage bodily injury "[a]rising in whole or in part out of any act or omission in connection with avoiding, preventing, suppressing or halting any actual or threatened 'assault' or 'battery'" (emphasis added), the district court correctly determined that the De La Puente Appellants' negligence claim against Mambo's falls squarely within the scope of the assault and battery exclusion.

Finally, the policy language is not ambiguous. Coverage for liability arising out of an assault or battery is limited to $25,000. The endorsements related to injuries arising out of assault or battery are clearly titled, and referenced in the first pages of the policy. Those endorsements unmistakably disclose that they modify

the insurance coverage provided under the Commercial General Liability Form. And, the relationship between the relevant provisions is equally clear: the first generally excludes coverage for injuries arising out of assault or battery, and the second, which appears as a supplement, affords limited coverage for such injuries ($25,000).

Appellee's motion to strike is denied as moot.

**AFFIRMED**.

16-16899