Robert J. FOSTVEDT, Plaintiff,

v.

UNITED STATES of America,
INTERNAL REVENUE
SERVICE, Defendant.

Civ. A. No. 91–F–1791.

United States District Court,
D. Colorado.

March 23, 1993.

Robert J. Fostvedt, pro se.

Michael J. Norton, U.S. Atty., William G. Pharo, Asst. U.S. Atty., Denver, CO, Edward J. Snyder, Chief, Special Litigation, Josh Eagle, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for defendant.

## ORDER REGARDING DISPOSITIVE MOTIONS

SHERMAN G. FINESILVER, Chief Judge.

This matter comes before the Court on the United States' motion to dismiss or, in the alternative, for summary judgment. The matter has been fully briefed by the parties. Jurisdiction is based upon 28 U.S.C.A. § 1331 (West Rev.Ed.1991). For the reasons stated below, the motions are GRANTED.

### I. Background

The material facts in this case are not in dispute. During the 1986 and 1987 tax years, Plaintiff, Robert J. Fostvedt, operated a sole proprietorship by the name of Wholesale Jobbers. The company sold chemical products to customers in several states, especially Colorado, Kansas, and New Mexico. From January 19, 1987 to March 7, 1988, Fostvedt operated an independent distributorship of chemical products for Mid–American Research Chemical Corporation ("MARC"), a former employer of Fostvedt.

On October 15, 1992, Plaintiff, Robert J. Fostvedt, brought this action against the United States and the Internal Revenue Service ("IRS") alleging unauthorized and harmful disclosure of his tax return information.[1] Fostvedt claims that on or about March 23, 1988, he was placed under criminal investigation by the IRS. On August 16, 1988, Fostvedt and his attorney met with members of

---

1. All factual recitations in this order have been alleged in the parties' pleadings. In accordance with *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972), Plaintiff's *pro se* complaint has been construed liberally.

the IRS' Criminal Investigation Division ("CID") in Colorado Springs. He received an agreement from the CID agents to allow him to make a request for technical advice.

On or about June 23, 1989, Fostvedt received a letter from Internal Revenue Service Tax Auditor Betsey Salas advising Fostvedt that she had been assigned to determine Mr. Fostvedt's 1986 and 1987 *civil* tax liability. Salas' responsibilities in the Examination Division ("the Division") included examining the tax liability of individuals and entities in cases assigned to her by the Division. As a Tax Auditor, Salas routinely obtained information through correspondence, interviews, and field examinations of financial records and assets. When records were not available, she used indirect examination methods. She first sought evidence and other information from the taxpayer himself, but also requested information from third-parties when necessary.[2] Because Fostvedt had not filed tax returns for the years in question and therefore no records were available to Salas, her letter of June 23, 1989, requested an audit interview with Fostvedt to which he would be asked to bring records of income and expense. Decl. of Former Tax Aud. Betsey Salas, Exh. B, Feb. 5, 1993. On July 28, 1989, Fostvedt responded to Salas' requests by letter, questioning her authority to determine his tax liability. *Id.*, Exh. 4. He requested copies of the "decision documents" relating to the Service's determination that he was a taxpayer subject to the provisions of the Internal Revenue Code ("the Code"). Following further correspondence between Salas and Fostvedt, Fostvedt informed Salas that because she had failed to obtain a personal delegation of authority from the Secretary of the Treasury, Fostvedt would be unable to meet with her. *Id.*, Exh. 6.

Salas determined that in the absence of Fostvedt's cooperation, she would not be able to make an accurate determination of his tax liability without records of income and expense that could only be obtained from a third-party. Salas decided the best sources of information about Fostvedt's earnings would be MARC, Fostvedt's customers, and any banks that may have processed checks he received from his customers. In August and September 1989, Salas sent letters to MARC and to two banks with whom she believed Fostvedt may or may not have had contact. After determining that no bank records for Fostvedt could be found, Salas prepared a form letter to Fostvedt's former customers requesting information regarding payments made to Fostvedt. The letter informed the 260–280 recipients that Fostvedt was under examination and requested their cooperation in providing to Defendant copies of canceled checks and invoices for products sold by Fostvedt during the tax years 1986, 1987, and 1988. On November 2, 1989, Salas sent a clarification letter to the same 260–280 people. These letters of inquiry and clarification form the first part of Fostvedt's complaint. The second element of Fostvedt's complaint arises out of his claim that Special Agent Clay Carpenter "and others at the direction of Carpenter made numerous explorations and inquiries unknown to the Plaintiff." Plaint.Compl. at 3, ¶ 23.

The United States moved for summary judgment insofar as the complaint seeks damages for letters of inquiry and clarification properly sent by an IRS employee. The United States also moved to dismiss Fostvedt's complaint regarding Carpenter's alleged disclosures on three separate grounds: (1) failure to state a claim regarding the alleged Carpenter disclosures insofar as the claim seeks damages for unspecified disclosures; (2) the complaint seeks a jury trial; and (3) the complaint seeks actual, as opposed to statutory, damages.

## II. Summary Judgment Standard

 Granting summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *Ash Creek Mining Co. v. Lujan,* 934 F.2d 240, 242 (10th Cir.1991); *Metz v. United States,* 933 F.2d 802, 804 (10th Cir.1991), *cert. denied,* — U.S. —, 112 S.Ct. 416, 116 L.Ed.2d 436 (1991); *Conti-*

---

2. Salas' duties as a tax auditor are explained in detail in exhibits attached to her affidavit entitled "Internal Revenue Service Standard Position De-scription" and "Tax Audit Guidelines for Internal Revenue Examiners." *See* Decl. of Former Tax Aud. Betsey Salas, Exh. 1 & 14, Feb. 5, 1993.

*nental Casualty Co. v. P.D.C., Inc.,* 931 F.2d 1429, 1430 (10th Cir.1991). A genuine issue of material fact exists only where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Merrick v. Northern Natural Gas Co.,* 911 F.2d 426, 429 (10th Cir.1990). Only disputes over facts that might affect the outcome of the case will properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Allen v. Dayco Prods., Inc.,* 758 F.Supp. 630, 631 (D.Colo. 1990).

■ In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the party opposing the motion. *Newport Steel Corp. v. Thompson,* 757 F.Supp. 1152, 1155 (D.Colo. 1990). All doubts must be resolved in favor of the existence of triable issues of fact. *Boren v. Southwestern Bell Tel. Co.,* 933 F.2d 891, 892 (10th Cir.1991); *Mountain Fuel Supply v. Reliance Ins. Co.,* 933 F.2d 882, 889 (10th Cir.1991).

■ In a motion for summary judgment, the moving party's initial burden is slight. In *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986), the Supreme Court held that the language of rule 56(c) does not require the moving party to show an absence of issues of material fact in order to be awarded summary judgment. Rule 56 does not require the movant to negate the opponent's claim. *Id.* at 323, 106 S.Ct. at 2553. The moving party must allege an absence of evidence to support the opposing party's case and identify supporting portions of the record. *Id.*

■ Once the movant has made an initial showing, the burden of going forward shifts to the opposing party. The nonmovant must establish that there are issues of material fact to be determined. *Id.* at 322–23. The nonmovant must go beyond the pleadings and designate specific facts showing genuine issues for trial on every element challenged by the motion. *Tillett v. Lujan,* 931 F.2d 636, 639 (10th Cir.1991). Conclusory allegations will not establish issues of fact sufficient to defeat summary judgment.

*McVay v. Western Plains Serv. Corp.,* 823 F.2d 1395, 1398 (10th Cir.1987).

■ In reviewing the evidence submitted, the court should grant summary judgment only when there is clearly no issue of material fact remaining. In *Anderson,* 477 U.S. at 249–50, 106 S.Ct. at 2511, the Court held that summary judgment should be granted if the pretrial evidence is merely colorable or is not significantly probative. In *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), the Court held that summary judgment is appropriate when the trial judge can conclude that no reasonable trier of fact could find for the nonmovant on the basis of evidence presented in the motion and the response. *Id.* at 587, 106 S.Ct. at 1356.

## III. Letters of Inquiry and Clarification

### A. Alleged Violation of Confidential Return Information

In his complaint, Fostvedt claims the letters of inquiry and clarification were improper under 26 U.S.C. § 6103. Section 6103 "lays down a general rule that 'returns' and 'return information' as defined therein shall be confidential." *Church of Scientology of California v. Internal Revenue Service,* 484 U.S. 9, 10, 108 S.Ct. 271, 271, 98 L.Ed.2d 228 (1987). Section 6103 states provides a general rule subject to numerous exceptions:

(a) **General Rule.**—Returns and return information shall be confidential, and except as authorized by this title—

(1) no officer or employee of the United States,

\* \* \* \* \* \*

shall disclose any return or return information obtained by him in any manner in connection with his service as such an officer or an employee or otherwise or under the provisions of this section. For purposes of this subsection, the term "officer or employee" includes a former officer or employee.

Section 7431 provides taxpayers with civil remedies for disclosures in violation of section 6103:

If any officer or employee of the United States knowingly, or by reason of negligence, discloses any return or return information with respect to a taxpayer in violation of any provision of section 6103, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

26 U.S.C. § 7431.

■ In order to recover under section 7431 for violations of section 6103, a taxpayer must show by a preponderance of the evidence that: (1) the disclosure was unauthorized; (2) the disclosure was made "knowingly or by reason of negligence"; and (3) the disclosure violated section 6103. *Flippo v. United States*, 670 F.Supp. 638, 641 (W.D.N.C.1987), *aff'd per curiam*, 849 F.2d 604 (4th Cir.1988). The only question we address is the last: whether Fostvedt has made out a claim that an officer or employee of the United States violated section 6103 by disclosing a tax return or tax return information. "Return information" under section 6103 is defined as:

a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, *whether the taxpayer's return was, is being, or will be examined or subject to other investigation*, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense . . .

26 U.S.C. § 6103(b)(2)(A) (emphases added).

■ It appears from the letters of inquiry sent by Tax Auditor Salas that return

information was indeed disclosed. The letters of inquiry included Fostvedt's name, his tax identification number, and the fact that he was under investigation. But section 6103 also offers a "safe harbor" for IRS agents. *See DiAndre v. United States*, 968 F.2d 1049, 1052 (10th Cir.1992), *petition for cert. filed*, 61 U.S.L.W. —— (No. 92–1303). According to section 6103(k)(6), there are exceptions to the general rule against disclosure of taxpayer information.[3] The Tenth Circuit has interpreted the exception to allow disclosure when three requirements are met: (1) the information is "with respect to the correct determination of tax, liability for tax, or the amount to be collected or with respect to the enforcement of any other provision of [the Internal Revenue Code]"; (2) the information sought is "not otherwise reasonably available"; and (3) it is necessary to make disclosures of return information in order to obtain the additional information sought. *Id.* Finally, the United States has absolutely no liability for good faith but erroneous interpretations of section 6103. 26 U.S.C.A. § 7431(b).

The parties do not dispute that the first requirement was met. Salas was clearly seeking information relating to a determination of Fostvedt's tax liability. Although Fostvedt appears to contest as a question of fact the necessity of disclosing his name, tax number, and the existence of an investigation of him, section 6103(b)(6) provides for disclosure of the taxpayer's name, address, and taxpayer number. We are confident no investigation could ever proceed without disclosure of such minimal, "nonsensitive" facts as the taxpayer's name, tax number, and the reason for the letter of inquiry. *See id.* at 1053 (noting disclosure of nonsensitive public information such as taxpayer's business address was appropriate and necessary). Fostvedt also continues to believe tax auditors have not been delegated authority by the Secretary of the Treasury, and therefore that another question of fact is whether Salas had

---

**3.** Section 6103(k)(6) provides:

An internal revenue officer or employee may, in connection with his official duties relating to any audit, collection activity, or civil or criminal tax investigation or any other offense under the internal revenue laws, disclose return information necessary in obtaining information, which is not otherwise reasonably available, with respect to the correct determination of tax, liability for tax, or the amount to be collected or with respect to the enforcement of any other provision of [the Internal Revenue Code].

delegated authority to issue the letters of inquiry. This is a manufactured issue and is without merit. Therefore the only question before us is whether the disclosures occurred in the pursuit of information not otherwise reasonably available.

### B. Not Otherwise Reasonably Available

In deciding whether the information was not otherwise reasonably available, a court may not delve into the subjective intent of the IRS agent and whether she had sufficient justification to seek the information at issue. *Id.* We ask not whether the *information* was necessary to the IRS' duties but whether, once the IRS decided it required the information, the *disclosures* were necessary to obtain the information and the information was not otherwise reasonably available. *Id.; see also Barrett v. United States,* 795 F.2d 446, 451 (5th Cir.1986). The implementing regulations for section 6103 give guidance on the definition of "not otherwise reasonably available" by noting that disclosure may occur when the information sought cannot "otherwise reasonably be obtained in accurate and sufficiently probative form, or in a timely manner, and without impairing the proper performance of the official duties, or if such activities cannot otherwise properly be accomplished without making such disclosure." 26 C.F.R. § 301.6103(k)(6)–1(a).

Fostvedt does not dispute the facts leading up to Salas' decision to send out the letters of inquiry. Salas sent Fostvedt a letter requesting a meeting and certain relevant documentation on June 23, 1989. Fostvedt states his belief that Salas' requests, in conjunction with the IRS' simultaneous criminal investigation, implicated his Fifth Amendment rights. Suspicious of the poor quality, dot-matrix letterhead on Salas' letter, Fostvedt requested copies of Salas' delegation of authority from the Secretary, including a copy identifying Salas by name as having the authority to determine his tax liability. Fostvedt also requested proof of the IRS' belief that he was a taxpayer. Salas responded by noting her authority under 26 U.S.C. §§ 7502 and 7605. Fostvedt replied

that he wanted her *"personal* Delegations of Authority from the Secretary to [Salas]." (emphasis added). He states in his response brief that he was reasonable in being cautious due to the ongoing criminal investigation. He states that he intended to cooperate fully once Salas provided the information he requested and the criminal investigation were dropped. We have little reason to doubt that Fostvedt was entirely sincere and acted in good faith.

However, like the state of mind of the agent, the state of mind of the taxpayer in a wrongful disclosure case is irrelevant. We do not believe as a matter of law, on undisputed facts, that the information sought by Salas was otherwise reasonably available. If the information from Fostvedt were to come at all (and Fostvedt's positions in this litigation suggest otherwise), it showed no promise either of being timely or of avoiding disruption of Salas' duties while she sought personalized delegated authority from the Secretary of the Treasury. There is no dispute that Fostvedt's customers were the best and perhaps only source of information about his cash transactions.

### C. Good Faith

While common law good faith immunity is normally an affirmative defense, the "affirmative statement by Congress that '[n]o liability shall arise' if good faith is present makes bad faith an element of a section 7217 cause of action."[4] *Davidson v. Brady,* 732 F.2d 552, 553 (6th Cir.1984). The avoidance of excessive disruption of government and the early resolution of insubstantial claims "militate in favor of interpreting section 7217 as requiring a plaintiff to plead facts sufficient to establish bad faith." *Id.; see also Colton v. Internal Revenue Service,* 1989 U.S.Dist. LEXIS 12021 at *16–17 (D.Nev. April 4, 1989).

Fostvedt has alleged no facts whatsoever to support his allegation that IRS employees disclosed information about him in bad faith. He points to Salas' act of sending out the letters before getting back to him on his "request for technical advice," in which he

4. Section 7217 is the predecessor of section 7431.

had asked for proof that he was a citizen of the United States and therefore subject to the provisions of the Internal Revenue Code. Fostvedt's position was (and apparently continues to be) that he was a citizen of the United States *of America,* not of the United States, and that the Code therefore did not apply to him. Fostvedt Depo. at 8–11 [5]; *Fostvedt v. United States,* 978 F.2d 1201, 70 A.F.T.R.2d (P–H) ¶ 92–5267, 92–6115 (10th Cir.1992) (declining to impose sanctions for Fostvedt's position in separate litigation but noting "sanctions may be considered proper" if he attempts to raise the issue again). Fostvedt's position was and is patently frivolous, *see Lonsdale v. United States,* 919 F.2d 1440, 1448 (10th Cir.1990), and could not have given rise to bad faith on the part of Salas. *See Fostvedt,* 978 F.2d 1201, 70 A.F.T.R.2d (P–H) ¶ 92–5267 (holding no judicial remedy available to Fostvedt for IRS' failure to timely respond to his "request for technical advice").

Fostvedt's claim regarding the letters of inquiry and clarification will be dismissed on summary judgment.

## IV. Motion to Dismiss Claim of Agent Carpenter's Disclosures

### A. Standard for Motion to Dismiss

Under Fed.R.Civ.P. 8(a)(2), a plaintiff is required to offer a short and plain statement of the claims against defendants. "This requirement guarantees that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Communications Network, Inc. v. ESPN, Inc.,* 767 F.Supp. 1062, 1069–70 (D.Colo. 1991), *aff'd* 964 F.2d 1022 (10th Cir.1992) (citing *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957)).

A claim should not be dismissed under Fed.R.Civ.P. 12(b) unless a plaintiff can prove no set of facts in support of his claims which would entitle him to relief. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Tri–Crown, Inc. v. American Fed. Sav. & Loan Ass'n,* 908 F.2d 578, 582 (10th Cir.1990). The court must accept all factual allegations as true and must draw all reasonable inferences in favor of the nonmoving party. *Scheuer,* 416 U.S. at 236, 94 S.Ct. at 1686. All of the plaintiff's pleadings must be liberally construed. *Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984). As long as a plaintiff offers evidence in support of a legally recognized claim for relief, motions to dismiss must be denied. *Hiatt v. Schreiber,* 599 F.Supp. 1142, 1145 (D.Colo.1984).

### B. Plaintiff's Claim

The paucity of Fostvedt's allegations regarding any alleged disclosures by Special Agent Clay Carpenter is obvious: "[Special Agent] Clay Carpenter and others at the direction of Carpenter made numerous explorations and inquiries *unknown* to Plaintiff ..." Plaint.Compl. at 3, ¶ 23 (emphasis added). Mere allegations of a disclosure are insufficient to support a cause of action. *See Colton* 1989 U.S.Dist. LEXIS 12021 at *16–17 (declaring allegations of unauthorized disclosure insufficient where plaintiff failed to specify what information was revealed, to whom, and under what circumstances); *Stephens v. United States,* slip op., No. 85218 (N.D.Tex. Dec. 6, 1985), *aff'd by unpublished opinion,* Civ. No. 86–1063 (5th Cir. Feb. 26, 1987) (dismissing disclosure action where complaint failed to state date or source of disclosures, to whom disclosures were made,

---

**5.** Two exchanges in the deposition between counsel for the United States and Fostvedt, in excerpted form, went as follows:

> Q: Is it currently your position that you are not subject to the provisions of the Internal Revenue Code?
>
> \* \* \* \* \* \*

> A: Yes ... but I am getting a little tired of trying to sustain this feeling.
>
> \* \* \* \* \* \*
>
> Q: Right. So then I can say you are not in the United States, but you are in the United States of America?
> A: That's the way I believe.

which return information was disclosed); *Young v. Boyle*, slip op., Civ. No. 82–72653 (E.D.Mich.1983) (declaring allegations of unauthorized disclosure insufficient without allegation of to and by whom disclosures were made).

Fostvedt does little to deny the vagueness of this claim, but states merely that he is unable to make the claim more specific because the United States, citing the vagueness of the claim, has refused to produce discovery on the issue. This conundrum, however, is a perfect example of the need for adequately pleaded complaints. Based on Fostvedt's conclusory, nebulous claim, the United States can have no way of knowing what discovery it should produce. The United States is unable to formulate a defense and the Court is unable to establish whether the government has waived its immunity to suit. Fostvedt has failed to present "a short and plain statement showing that [he] is entitled to relief." Fed.R.Civ.P. 8(a).

 Fostvedt's assertion that he should be allowed to amend his complaint is unavailing where he admits he has no facts with which to amend it. We cannot permit discovery to go forward when the purpose of the discovery is merely for the plaintiff to attempt to construct his entire case. Fostvedt seeks nothing less than a precedent allowing persons under tax investigation free reign to obstruct investigations, to bring suit against the government, and to cost the government huge sums of money in litigation defense—all without the barest allegation of a colorable claim. Furthermore, as with Fostvedt's claims that the letters of inquiry wrongfully disclosed his tax information, Fostvedt has failed to make out even the barest indication of bad faith on the part of the IRS and its agents.

## V.

Accordingly, it is ordered that:

(1) Defendant's Motion to Dismiss, or, in the Alternative, for Summary Judgment, filed February 5, 1993, is GRANTED.

(2) Plaintiff's first claim regarding disclosure by letters of inquiry and clarification is DISMISSED.

(3) Plaintiff's second claim regarding alleged disclosures of information by an IRS agent is DISMISSED.

(4) The Clerk of the Court is DIRECTED to enter judgment in favor of Defendant and against Plaintiff.

(5) Defendant's Second Motion to Stay Proceedings, for Protective Order, and to Quash Subpoenas, filed January 28, 1993, is DEEMED MOOT.

(6) Plaintiff's Motion to Compel the Defendant to Respond to the Plaintiff's First Set of Interrogatories and Request for Production of Documents, filed January 28, 1993, is DEEMED MOOT.

## JUDGMENT OF DISMISSAL

Pursuant to and in accordance with the Order Regarding Dispositive Motions filed by the Honorable Sherman G. Finesilver, *Chief Judge* on March 23, 1993, which is incorporated herein by reference as if fully set forth. It is

ORDERED that the plaintiff's first claim regarding disclosure by letters of inquiry and clarification is dismissed. It is

FURTHER ORDERED that the plaintiff's second claim regarding alleged disclosures of information by an IRS agent is dismissed. It is

FURTHER ORDERED that judgment is entered in favor of the defendant and against the plaintiff in that the complaint and cause of action is hereby dismissed. It is

FURTHER ORDERED that each party shall bear his or its own costs.