Andrew GINDES, Individually and as Father and Next Friend of Ian Gindes, a Minor, Plaintiffs,

v.

Philip GINDES, Defendant.

Civ. A. No. 93–F–528.

United States District Court, D. Colorado.

May 9, 1994.

Frank N. Dubofsky, John A. Purvis, Purvis, Gray, Schuetze & Gordon, Boulder, CO, for plaintiffs.

Dennis W. Hartley, Derry Beach Adams, Colorado Springs, CO, for defendant.

## ORDER REGARDING MOTIONS

SHERMAN G. FINESILVER, Chief Judge.

This action centers on a dispute between family members as to the existence of a trust or other fiduciary relationship between the parties. This matter comes before the Court on Defendant's *Motion For Summary Judgment*. The motion has been fully briefed by the parties. Jurisdiction is based on 28 U.S.C. § 1332. Defendant has also filed a *Motion To Strike Expert Testimony And Exclude Testimony At Trial*, to which Plaintiff has responded. For the reasons stated below, each of Defendant's motions is DENIED.

### I. BACKGROUND

Plaintiff Andrew Gindes is the son of Defendant Philip Gindes, and Plaintiff Ian Gindes is the Defendant's grandson and Andrew Gindes' minor son. Andrew Gindes contends that before his grandmother and the Defendant's mother, Pauline Gindes, passed away in 1979, she indicated to Andrew and Philip Gindes, as well as other family members, that the proceeds from the house she lived in, the "Leisure Village" home, were to be divided between Andrew Gindes, his sister, and his two first cousins. After Ian Gindes was born, Andrew Gindes asserts, Pauline Gindes made known her desire that the proceeds from the house should be split five ways, so that Ian Gindes would be entitled to an equal share with his father and aunts and uncle. Andrew Gindes claims that after Pauline Gindes died, but prior to the time Philip Gindes sold her Leisure Village house (to which he held title), his father

presented him with a check for $40,000 that represented his and Ian's probable shares from the sale of the house. Andrew states that rather than accept the check, he agreed with his father that the money should remain with Philip and be invested by him, as Andrew wanted the funds to remain separate from his regular accounts and because Philip had an excellent history of earning and investing money. When, however, Andrew Gindes spoke with his father in the winter of 1991–1992 about the latter providing funds for Ian's orthodontia work, the two fought, and when Andrew demanded the funds that previously had been granted him, Andrew claims, his father refused and disputed that any such money had ever belonged to Andrew or Ian. Andrew also claims that he and his father had a conversation at Denver's airport in 1988 in which Philip Gindes asserted that the initial $40,000 had appreciated in value to over $400,000.

### II. STANDARD FOR SUMMARY JUDGMENT

■ Granting summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R.CIV.P. 56(c); *Raymond v. Mobil Oil Corp.*, 983 F.2d 1528, 1534 (10th Cir.1993); *Ash Creek Mining Co. v. Lujan*, 934 F.2d 240, 242 (10th Cir.1991); *Metz v. United States*, 933 F.2d 802, 804 (10th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 416, 116 L.Ed.2d 436 (1991); *Continental Casualty Co. v. P.D.C., Inc.*, 931 F.2d 1429, 1430 (10th Cir.1991). A genuine issue of material fact exists only where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Merrick v. Northern Natural Gas Co.*, 911 F.2d 426, 429 (10th Cir.1990). Only disputes over facts that might affect the outcome of the case will properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Fostvedt v. United States, I.R.S.*, 824 F.Supp. 978, 982 (D.Colo. 1993).

■ In reviewing a motion for summary judgment, the court must view the evidence

in the light most favorable to the party opposing the motion. *Concrete Works v. City and County of Denver*, 823 F.Supp. 821, 828 (D.Colo.1993). All doubts must be resolved in favor of the existence of triable issues of fact. *Boren v. Southwestern Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir.1991); *Mountain Fuel Supply v. Reliance Ins. Co.*, 933 F.2d 882, 889 (10th Cir.1991).

In a motion for summary judgment, the moving party's initial burden is slight. In *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986), the Supreme Court held that the language of rule 56(c) does not require the moving party to show an absence of issues of material fact in order to be awarded summary judgment. Rule 56 does not require the movant to negate the opponent's claim. *Id.* at 323, 106 S.Ct. at 2553. The moving party must allege an absence of evidence to support the opposing party's case and identify supporting portions of the record. *Id.*

■ Once the movant has made an initial showing, the burden of going forward shifts to the opposing party. The nonmovant must establish that there are issues of material fact to be determined. *Id.* at 322–23, 106 S.Ct. at 2552–53. The nonmovant must go beyond the pleadings and designate specific facts showing genuine issues for trial on every element challenged by the motion. *Tillett v. Lujan*, 931 F.2d 636, 639 (10th Cir. 1991). Conclusory allegations will not establish issues of fact sufficient to defeat summary judgment. *McVay v. Western Plains Serv. Corp.*, 823 F.2d 1395, 1398 (10th Cir. 1987).

In reviewing the evidence submitted, the court should grant summary judgment only when there is clearly no issue of material fact remaining. In *Anderson*, 477 U.S. at 249–50, 106 S.Ct. at 2510–11, the Court held that summary judgment should be granted if the pretrial evidence is merely colorable or is not significantly probative. In *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), the Court held that summary judgment is appropriate when the trial judge can conclude that no reasonable trier of fact could find for the nonmovant on the basis of evidence presented in the motion and the response. *Id.* at 587, 106 S.Ct. at 1356.

## III.  DEFENDANT'S *MOTION FOR SUMMARY JUDGMENT*

■ Defendant moves for summary judgment on each of Plaintiff's claims. Plaintiffs offer alternative claims to retrieve the funds allegedly wrongfully held by Defendant, including that an express trust was created either by Pauline Gindes or by Philip Gindes as to the potential proceeds from the sale of Pauline Gindes' last home; that Pauline Gindes intended to and did make a gift of these potential funds to her grandchildren and one great-grandchild, or that Philip Gindes made a gift of the funds and at least partially evidenced this gift by dividing the proceeds with his sister-in-law, who in turn gave her two children their shares from the proceeds; that Philip Gindes, independently of Pauline Gindes, established a trust for Andrew and Ian of $40,000, ostensibly from his one-half share of Pauline's home, and has breached his duties as trustee, thereby entitling Plaintiffs to the imposition of a resulting or constructive trust on those funds in the amount of their present value; or, finally, that Plaintiffs are third-party beneficiaries of a contractual relationship between Pauline and Philip Gindes concerning the disposition of the proceeds from the sale of Pauline Gindes' home after her death.

This case involves dueling versions of almost every material fact that might resolve Plaintiffs' claims, except perhaps the existence of a writing supporting the establishment of an express trust for Plaintiffs and others on the part of Pauline Gindes. Even if, as Defendant contends, Plaintiffs' claim that an express trust was created by Pauline (or Philip) Gindes must fail by virtue of the Statute of Frauds, Plaintiffs have set forth sufficient evidence to support the existence of a trust created in the absence of a written instrument. The facts as described by Plaintiffs and Defendant are so contrary that it is impossible, at this point in the case and without further testimony, to establish or deny the existence of a trust created by Philip or Pauline Gindes of any kind, or a gift made by Philip Gindes to Plaintiffs. Plain-

tiffs have provided probative evidence to rebut Defendant's allegations that there is an absence of evidence to support Plaintiffs' claims. Contrary to Defendant's contention, there exist many disputed genuine issues of material fact, including but not limited to Pauline Gindes' and her husband's intent when transferring ownership of their previous home to Philip Gindes and then having him purchase the Leisure Village home with proceeds from the sale of that home; whether an oral trust was created by Pauline Gindes and were the proceeds of the sale of the Leisure Village home intended by either Pauline or Philip to be divided five ways; whether Philip Gindes offered Andrew Gindes a check in the amount of $40,000, and whether Andrew in turn declined the funds at that time and asked Philip Gindes to retain the funds and invest them on Plaintiffs' behalf until a later date; whether, if Philip Gindes offered Andrew a check for $40,000, that constituted an outright gift from Philip rather than intended trust funds or a gift from Pauline Gindes; whether the fact that Philip Gindes offered Andrew Gindes the "Border Links" home implicates the alleged trust funds, as Andrew contends, or simply was an unrelated action on Philip's behalf. Without the establishment of these and other material facts, the Court cannot grant summary judgment for Defendant Philip Gindes. The Court cannot conclude that no reasonable trier of fact could find for Plaintiffs on the basis of the evidence thus far presented. *See Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356. A multitude of triable issues of fact remain unresolved at this time. The Court may issue an expanded opinion at a later date.

## IV. DEFENDANT'S *MOTION TO STRIKE*

Defendant's *Motion To Strike Expert Testimony And Exclude Testimony At Trial* contends that Plaintiffs' expert James R. Wade's affidavit concerning the establishment of various alternative kinds of trusts should be stricken and that Mr. Wade should be barred from testifying at trial. Defendant states that Mr. Wade, rather than testifying to his knowledge of the facts at issue in this case or to a complex but discrete area of law, instead defines the law that must be applied to the case. He contends that this usurps the functions of both Court and jury. Further, Defendant contends that Mr. Wade's affidavit is void of any factual findings, but rather misleads by assuming the facts stated by Plaintiff Andrew Gindes to be true and then construing those facts as meeting the legal requirements for alternative types of trusts, a gift, or a contract. Defendant contends the Tenth Circuit Court of Appeals' decision in *Specht v. Jensen,* 853 F.2d 805 (1988) disallows just such testimony by a party's expert.

Plaintiffs respond that Mr. Wade's affidavit and testimony at trial provide the Court and jurors with an expert's opinion of how the facts as perceived by Plaintiffs relate to the complex definitions of certain kinds of trusts. Plaintiffs contend that their expert in no way usurps the role of the Court as arbiter of the law in this case, but rather will assist the jury in its determination of whether the facts in evidence support the existence of a trust, a gift or a contract, which issues are themselves factual in nature.

"Fed.R.Evid. 704(a) allows an expert witness to testify in the form of an opinion or inference even if that opinion or inference embraces an ultimate issue to be determined by the trier of fact." *A.E., By and Through Evans v. Independent School District No. 25,* 936 F.2d 472, 476 (10th Cir.1991) (citations omitted). On the other hand, "an expert may not state legal conclusions drawn by applying the law to the facts." *A.E., By and Through Evans,* at 476. The line drawn between permissible and impermissible expert testimony can be a blurred one. Whether an expert's testimony "will assist the trier of fact to understand the evidence or to determine a fact in issue," as set forth in Fed.R.Evid. 702, is the central criterion for allowing his or her testimony. Under the Rules, courts "allow an opinion by a legal expert in which the expert applies the principles of his expertise, the law, to the facts in evidence." *Specht,* 853 F.2d at 815 (Seymour, J., dissenting). Doubts about the usefulness of expert testimony should generally be resolved in favor or admissibility.

*Sil–Flo, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1517 (10th Cir.1990) (citing dissent in *Specht*, 853 F.2d at 810–811). At trial, there are various rules that bear upon and can limit the content and the scope of expert testimony. Under these principles, the Court is not persuaded that the testimony of Plaintiffs' expert Mr. Wade should be excluded.

## V. ORDER

Accordingly, it is ORDERED that

(1) Defendant's *Motion For Summary Judgment* is DENIED;

(2) Defendant's *Motion To Strike Expert Testimony And Exclude Testimony At Trial* is DENIED; and

(3) The parties shall bear their own costs.