**Robert MOLDENHAUER, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 96–4007.

United States District Court,
C.D. Illinois.

Dec. 23, 1996.

Robert Moldenhauer, Rock Island, IL, pro se.

Gerard A. Brost, U.S. Atty. Peoria, IL, Gerald A. Role, Dept. of Justice, Tax Div.

U.S. Dept. of Justice, Washington, DC, for defendant.

McDADE, District Judge.

### *ORDER*

Before the Court is Defendant's Motion for Summary Judgment [Doc. # 33] filed December 4, 1996. On December 6, 1996, the Court issued an Order informing the pro se [1] Plaintiff of his summary judgment rights under Fed.R.Civ.P. 56 and Local Rule 7.1(D) and giving him additional time in which to respond. *Lewis v. Faulkner,* 689 F.2d 100, 102–03 (7th Cir.1982). Instead of following these instructions, on December 16, 1996, Plaintiff filed a Motion to Strike Defendant's Motion for Summary Judgment [Doc. # 39]. The Court now denies Plaintiff's motion to strike and grants Defendant's motion for summary judgment.

"A motion for summary judgment is not an appropriate occasion for weighing evidence; rather, the inquiry is limited to determining if there is a genuine issue for trial." *Lohorn v. Michal,* 913 F.2d 327, 331 (7th Cir.1990); *see Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986). This Court must "view the record and all inferences drawn from it in the light most favorable to the party opposing the motion." *Holland v. Jefferson Nat. Life Ins., Co.,* 883 F.2d 1307, 1312 (7th Cir.1989). When faced with a motion for summary judgment, the nonmoving party may not rest on its pleadings. Rather, it is necessary for the nonmoving party to demonstrate, through specific evidence, that there remains a genuine issue of triable fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Bank Leumi Le–Israel. B.M. v. Lee,* 928 F.2d 232, 236 (7th Cir.1991).

Plaintiff's Complaint seeks monetary damages for the unauthorized disclosure of tax return information pursuant to 26 U.S.C. § 6103. After the Government filed a motion for a more definite statement, Plaintiff submitted an affidavit with the names of three IRS officers whom he believes engaged in such authorized disclosures: L.E. Ellison,[2] Stuart Parker, and John Mills. Plaintiff asserted that these three persons disclosed his name to nine other individuals and that Ellison, who was also a member of the Rock Island County Bar Association, had disclosed his name to members of that association as well as to other bar associations.

As discovery progressed, the full scope of Plaintiff's allegations became clear. In responding to the Government's first set of interrogatory requests, Plaintiff stated that during the last quarter of 1994 and the first half of 1995, he had prepared a number of amended tax returns on behalf of twenty-four "clients" requesting refunds for overpayment of their taxes. The IRS stated that these returns were either "frivolous" or had been lost. However, none of Plaintiff's clients chose to file a legal action against the IRS. Because of this fact, Plaintiff presumed that these clients must have been in cahoots with the Government and had been sent by the IRS to undermine his efforts to obtain refunds. Plaintiff also noticed that L.E. Ellison was a member of the Rock Island County Bar Association. Thus, Ellison must have informed his fellow attorneys about him who in turn identified Plaintiff to others, including the clients who contacted Plaintiff to request the preparation of tax returns. This conspiracy extended to attorneys, accountants, bank employees, and Plaintiff's clients, all of whom either disclosed or received the unauthorized disclosure of Plaintiff's name without his consent.

Summary judgment must be granted against Plaintiff here because he has failed to state a claim under 26 U.S.C. § 6103. Section 6103(a) sets forth the general rule that "[r]eturns and return information shall be confidential" and that "no officer or employee of the United States ... shall disclose any return or return information obtained by him in any manner in connection with his service as such an officer or an employee or otherwise or under the provisions of this section."

---

**1.** The term "pro se" simply means that the party is not represented by an attorney.

**2.** Plaintiff mistankenly refers to L.E. Ellison as the I.R.S. "District Director." In fact, he is a revenue officer.

*Id.* § 6103(a). The statute defines "return information" as including "a taxpayer's identity ... whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing." *Id.* § 6103(b)(2)(A) (emphasis added).

■ Here, Plaintiff is not claiming unauthorized disclosure of his identity in his capacity as a "taxpayer." Rather, he claims that his name was disclosed in his capacity as a tax preparer or accountant for his "clients." Indeed, Plaintiff makes the point that these taxpayer "clients" did not bring any lawsuits on their own behalf. Thus, Plaintiff's claim simply does not fall under the terms of the statute and fails to state a claim under it. Summary judgment must be granted for Defendant.

■ Summary judgment against Plaintiff may also be granted on the alternative basis that IRS agents Ellison, Parker and Mills have presented affidavits stating that they did not disclose any tax return information regarding Plaintiff to the individuals named in Plaintiff's affidavit. Plaintiff has failed to present any evidence to rebut these statements as is his burden under Fed.R.Civ.P. 56(e). Plaintiff also has not rebutted Ellison's testimony that he is not a member of the Rock Island County Bar Association (although his father is). Because Plaintiff has failed to sustain his burden of proof on summary judgment, judgment must be entered against him.

■ The Court must also reject Plaintiff's request for further discovery in order to uncover various unknown disclosures. Such discovery would merely consist of a fishing expedition that is not grounded in any reasonable basis in fact or law. Fed.R.Civ.P. 11. As the district court noted in *Fostvedt v. U.S., I.R.S.,* 824 F.Supp. 978, 986 (D.Colo. 1993), *aff'd,* 16 F.3d 416 (10th Cir.1994):

> We cannot permit discovery to go forward when the purpose of the discovery is merely for the plaintiff to attempt to construct his entire case. Fostvedt seeks nothing less than a precedent allowing persons under tax investigation free reign to obstruct investigations, to bring suit against the government, and to cost the government huge sums of money in litigation defense— all without the barest allegation of a colorable claim.

Here, Plaintiff's assertion that various unknown attorneys, accountants, and bank employees must have disclosed his name in an unauthorized fashion simply has no factual support in the record. The Court will not allow discovery to progress on such a tenuous basis.

■ Finally, Plaintiff's motion to strike the summary judgment motion [Doc. # 39] as well as his "memorandum" [Doc. # 38] are patently without merit. The proper parties are named in this matter and the rules regarding joinder in Fed.R.Civ.P. 19 are wholly inapplicable. Removal of this action to federal court is authorized by 28 U.S.C. § 1441. There is no legal basis for Plaintiff's assertion that the removal of this action created a "binding contract with this honorable court for a trial by jury." On the contrary, as explained in the Court's previous Order, a jury trial is not warranted if Plaintiff cannot meet the prerequisites of Fed.R.Civ.P. 56(e). Moreover, neither the Government's attorney nor the IRS agent themselves are obligated to show Plaintiff their credentials or authorizations. Such requests by Plaintiff are simply irrelevant to the disposition of this lawsuit. Finally, Plaintiff's allegation that the Government has not responded to his interrogatories in a timely manner is not supported by any evidence and does not affect the outcome of this lawsuit because Plaintiff has failed to state a claim upon which relief can be granted.

## *CONCLUSION*

IT IS THEREFORE ORDERED that Plaintiff's Motion to Strike Defendant's Motion for Summary Judgment (Doc. # 39) is **DENIED.**

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment [Doc. # 33] is **GRANTED.** This case is **TERMINATED.**