**James COMYNS, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 00–8272–CV–RYSKAMP.**

United States District Court, S.D. Florida, West Palm Beach.

April 27, 2001.

Anthony John Natale, Anthony J. Natale, West Palm Beach, FL, for plaintiff.

David I. Mellinger, AUSA, United States Attorney's Office, Fort Lauderdale, FL, Stuart D. Gibson, United States Department of Justice, Tax Division, Washington, DC, for defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

RYSKAMP, District Judge.

THIS CAUSE is before the Court upon Defendant's Motion for Summary Judgment [DE 18], filed February 13, 2001. Defendant filed a Response [DE 27] on April 2, 2001, and Plaintiff filed a Reply

[DE 29] on April 10, 2001. A hearing on this matter was held before this Court on April 24, 2001. Plaintiff's motion is now ripe for consideration.

## I. *BACKGROUND*

Plaintiff filed his complaint [DE 1] on March 29, 2000, alleging that Defendant violated 26 U.S.C. § 6103 when Internal Revenue Service ("IRS") Special Agents within the Criminal Investigations Division ("CID") unnecessarily revealed the criminal nature of their tax investigation of Plaintiff to third-party witnesses and Plaintiff's former attorney, Alan Rose.[1] Plaintiff's complaint seeks damages pursuant to 26 U.S.C. § 7431 and alleges that CID Special Agent Regina Merchant, as well as other IRS agents, intentionally and/or unlawfully disclosed confidential return information related to Plaintiff. Pursuant to 26 U.S.C. § 6103(b)(2), the definition of "return information" includes revelation of "whether the taxpayer's return is ... subject to investigation ..." In all, Plaintiff alleges twelve separate disclosures pertaining to the IRS CID's criminal investigation of him.

According to Plaintiff[2], he has been the subject of an IRS CID criminal tax investigation since 1998. (Comp.¶5–6). In about October 1998, after seeking records from Plaintiff[3], Agent Merchant and other IRS agents issued summonses compelling disclosure of financial documents related to Plaintiff, pursuant to 26 U.S.C. § 7602. (*Id.* at ¶ 6–7). On November 6, 1998, Agent Merchant mailed some number of letters and summonses to financial institutions seeking information related to her investigation of Plaintiff. (*Id.* at ¶ 8–12). These letters, and subsequent follow-up letters sent by Agent Merchant, were written upon IRS/Department of Treasury letterhead which also contains the heading "Criminal Investigation Division." (*Id.* at ¶ 9–12; Ex. B, D, E, F, G, H, I). Some subsequent letters sent to third parties by Agent Merchant regarding her investigation of Plaintiff did not contain the CID designation. (*Id.* at ¶ 14, Ex. J, K, L, M). Plaintiff claims that such disclosures suggested wrongdoing on his part and thus caused him "substantial personal and professional embarrassment" and "substantial mental and emotional distress." (*Id.* at ¶ 17–19).

Plaintiff also alleges that several illegal disclosures occurred during IRS agents' personal interviews with third parties regarding the criminal investigation of Plaintiff. On August 5, 1999, Agent Merchant and CID Special Agent Stephan M. Robinson interviewed Plaintiff's son, Matthew Comyns, at his home in San Francisco, California. (*Id.* at ¶ 21). The agents identified themselves to Mr. Comyns, told him that they were conducting an investigation of Plaintiff, and gave business cards to him

---

1. As described herein at Section III.2, Plaintiff conceded at oral argument that summary judgment in favor of Defendant was appropriate with respect to his claim that IRS agents unnecessarily revealed the criminal nature of their investigation to Mr. Rose. The Court therefore does not recite the facts associated with that claim.

2. The Court recites the facts in the light most favorable to Plaintiff, and thus derives much of the factual background from Plaintiff's complaint and Defendant's Statement of Material Facts Which Defendant Contends are not in Dispute.

3. As Plaintiff was entitled to do pursuant to the Fifth Amendment, he refused to answer any questions posed by IRS CID agents or otherwise provide information. (Merch.Decl.¶ 6–7).

that identified themselves as agents of the IRS CID. (*Id.;* Ex. N). On August 19, 2000, IRS CID Special Agents Raymond A. Capece and Edward Johnson interviewed Plaintiff's daughter, Carol Ann Comyns Korpi, in Stoneham, Massachusetts. (*Id.* at ¶ 23). The agents told Mrs. Korpi that they were investigating Plaintiff, and gave her business cards identifying themselves as agents of the CID. (*Id.;* Ex. O). On an unspecified date, Agent Merchant sought to interview Matthew Pickering at his home, but instead encountered Mrs. Pickering. (*Id.* at ¶ 24). Agent Merchant informed Mrs. Pickering that she was looking for Mr. Pickering, told her that her interview was regarding an IRS CID investigation of Plaintiff, and left with her a business card identifying herself as a CID agent. (*Id.;* Ex. P). Plaintiff claims that all of the above-described disclosures were "not necessary . . . to secure desired information." (Comp. at ¶ 25). Plaintiff further alleges that all such disclosures were "deliberate and intentional," as well as "in bad faith." (*Id.* at ¶ 27).

On February 13, 2001, Defendant filed its Motion for Summary Judgment [DE 18]. Defendant argues that summary judgment should be entered in its favor because the disclosures made by the CID agents here did not violate 26 U.S.C. § 6103, and, in the alternative, even if they did violate that statute, the agents' disclosures were made in good faith and therefore not actionable in a damages suit. In support of its motion, Defendant submits affidavits and other exhibits that, *inter alia,* explain the procedures followed by its agents when conducting witness interviews during a criminal tax investigation. According to Agents Merchant and Capece, their practice when interviewing witnesses is to state their name, agency, division, and title ("[Name], Special Agent with the In-

ternal Revenue Service"), display their credentials, and state that they are investigating a particular taxpayer. (Merchant Decl. ¶ 20; Capece Decl. ¶ 8). Both agents state that they follow the Internal Revenue Manual when conducting an investigation, particularly Section 977(11).1(4) which requires them to display their credentials to the person upon whom they are serving any summons. (Merchant Decl. ¶ 11, Ex. 5; Capece Decl. ¶ 9). The agents further state that they have received training from the IRS with respect to 26 U.S.C. § 6103 and what taxpayer-related information they may and may not disclose, and that it is their understanding that they may always present to a third party 1) their name, 2) their title, agency, and division, 3) their badge and credentials, and 4) the name of the taxpayer about whom they are seeking information. (Merchant Decl. ¶ 21; Capece Decl. ¶ 10). The agents also state that they follow the Special Agents Handbook, in which Section 9.3.1.3 advises them that 26 U.S.C. § 6103(k)(6) authorizes them to disclose return information to third parties to the extent reasonably necessary to obtain information not provided by the taxpayer under investigation. (Merchant Decl. ¶ 22, Capece Decl. ¶ 11).

## II. *LEGAL STANDARD ON SUMMARY JUDGMENT*

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). The party asking for summary judgment "always bears the initial responsibility of informing the district

court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 56(c)). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322–23, 106 S.Ct. 2548. There is no requirement, however, "that the moving party support its motion with affidavits or other similar materials negating the opponent's claim." *Id.* at 323, 106 S.Ct. 2548.

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions of file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. 2548 (quoting Fed. R.Civ.P. 56(e)). The nonmoving party need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings. *Id.* "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. 2548. *See also Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1281–82 (11th Cir.1999).

### III. *DISCUSSION*

The Court's consideration of Plaintiff's claims and Defendant's present motion are best separated into two categories: 1) those claims related to IRS agents' disclosures to third-party witnesses through verbal and written means, and 2) those disclosures allegedly made to Plaintiff's former attorney, Alan Rose. For the reasons stated herein, the Court finds that summary judgment must be granted in favor of Defendant on all of Plaintiff's claims.

1. *Plaintiff's Claims that IRS Agents Illegally Disclosed the Criminal Nature of their Investigation to Third-party Witnesses*

A. THERE ARE ISSUES OF MATERIAL FACT WITH RESPECT TO WHETHER DEFENDANT'S DISCLOSURE OF TAX RETURN INFORMATION WAS NECESSARY

Defendant moves for summary judgment with respect to Plaintiff's claims that IRS Agents violated 26 U.S.C. § 6103 by unnecessarily disclosing, via letter and through personal interviews, the criminal nature of their investigation of Plaintiff to third-party witnesses. 26 U.S.C. § 6103(a) provides generally that tax returns and "return information" are confidential and may not be disclosed by any officer or employee of the IRS. Section 6103(b)(2) further defines "return information" to include whether a taxpayer's return is the subject of an IRS investigation. Section 6103(b)(8) defines "disclosure" broadly to include directly or indirectly "making known to any person in any manner whatever."

There is no question, and Defendant does not deny, that the IRS CID agents involved in the investigation of Plaintiff revealed to third-party witnesses that Plaintiff was the subject of a criminal tax investigation, such disclosures being made

through personal interviews and letters. There is also no question that such disclosures were prohibited by 26 U.S.C. § 6103 because revealing the fact that a taxpayer is the subject of a tax investigation constitutes disclosure of "return information." *See* 26 U.S.C. § 6103(b)(2). Defendant claims, however, that such disclosures were authorized by 26 U.S.C. § 6103(k)(6), which states in relevant part,

> An internal revenue service officer or employee may, in connection with his official duties relating to any ... criminal tax investigation ... disclose return information to the extent that such disclosure is necessary in obtaining information, which is not otherwise reasonably available, ... with respect to the enforcement of any other provision of this title. Such disclosures may be made only in such situations and under such conditions as the Secretary may prescribe by regulation.

Pursuant to Section 6103(k)(6)'s grant of authority, the Secretary has promulgated *Treas. Reg.* (26 C.F.R.) § 301.6103(k)(6)–1, which authorized an IRS officer within the scope of his criminal law enforcement duties to make disclosures of "taxpayer identity information, the fact that the inquiry pertains to the performance of official duties, and the nature of the official duties." (internal citation omitted). The regulation further specifies that "official duties" includes an effort "to establish or verify misconduct (or possible misconduct) or other activity prohibited by the internal revenue laws." *Id.*

IRS CID agents conducting a criminal investigation are thus presented with the following rule: Tax return information, including the fact that a taxpayer is under investigation may not be disclosed, *unless* such disclosure is necessary in obtaining information not otherwise reasonably

available, in which case (pursuant to the Secretary's regulation) such agent may reveal 1) the taxpayer's identity, 2) the fact that the agent's inquiry pertains to an official investigation, and 3) the nature of that investigation.

■ Plaintiff argues that by simply identifying themselves as CID agents, these agents *unnecessarily* revealed the criminal nature of their investigation. Plaintiff urges the Court to hold that IRS CID agents must carry badges and identification cards that conceal the fact that they are agents within the Criminal Investigation Division. Plaintiff argues that questions of material fact exist with respect to the question of whether the agents' disclosures alleged here were "necessary," particularly in light of Plaintiff's claim that he did not refuse to cooperate with the agency's requests for documents. Defendant contends that the CID identification is necessarily displayed upon these agents' badges and identifications because CID agents possess special duties that other agents do not, such as the right to conduct seizures, carry firearms, and serve arrest warrants. Defendant further claims that Plaintiff indeed refused to be cooperative with its investigation, thus making their third-party inquiries all the more necessary. These issues present questions of material fact with respect to whether the disclosures made by these IRS CID agents were "necessary" under 26 U.S.C. § 6103(k)(6), and summary judgment is therefore inappropriate on this point.

B. EVEN IF DEFENDANT'S DISCLOSURE OF TAX RETURN INFORMATION WAS UNNECESSARY, THE AGENTS ACTED IN GOOD FAITH AS A MATTER OF LAW

■ A taxpayer may not recover damages for any disclosure of tax return infor-

mation that "results from a good faith, but erroneous, interpretation of [26 U.S.C. § 6103]." 26 U.S.C. 7431(b). This good faith exception to Section 7431(a) is judged by an objective standard, the question being whether agents' conduct violates " 'clearly established statutory or constitutional rights of which a reasonable person would have known.' " *Huckaby v. United States,* 794 F.2d 1041, 1048 (5th Cir.1986) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). The court should not delve into the subjective intent of an agent. *See Fostvedt v. United States,* 824 F.Supp. 978, 984 (D.Colo.1993), *aff'd,* 16 F.3d 416, 1994 WL 7109 (10th Cir.1994).

In applying this objective standard, courts have placed particular emphasis upon whether the agents in question followed the procedures and rules that are found in the IRS's Special Agents Handbook. *See, e.g., Gandy v. United States,* 234 F.3d 281, 285–86 (5th Cir.2000); *Barrett v. United States,* 51 F.3d 475, 479 (5th Cir.), *aff'd,* 100 F.3d 35 (1996), *reh'g denied,* 108 F.3d 335 (1997). Only those procedures which apply directly to the agent disclosures in question are relevant to this inquiry. For example, in *Gandy,* the court found that IRS regulations prohibiting *written* disclosures in circular letters were not relevant to the question of whether agents' *oral* disclosures during witness interviews were made in good faith. 234 F.3d at 286. This Court adopts the same standard.

In this circuit, it is a question of first impression how exactly to apply the good faith exception found in 26 U.S.C. § 7431(b). The Court therefore looks to other circuits for guidance. In *Barrett,* the Fifth Circuit addressed the issue in the context of an IRS agent who had sent circular letters bearing the CID heading in violation of IRS procedures. 51 F.3d at 476–77. The court held that the agent did not act in good faith, reasoning that an IRS agent's interpretation of § 6103 that is contrary to the agency's interpretation as embodied in its manuals and regulations is not in good faith. *Id.* at 479–80. The rule of *Barrett* thus seems to be that an agent's actions in accordance with IRS regulations and manuals is per se reasonable with respect to the good faith exception of § 7431(b). In *Diamond v. U.S.,* 944 F.2d 431, the Eighth Circuit took a somewhat different approach, holding that the *agency's* interpretation of § 6103 is the relevant inquiry. 944 F.2d 431, 435. The court reasoned that since a plaintiff must bring an action under § 7431 against the government rather than the agent himself, the proper question is whether the government reasonably interpreted the law, not whether a particular agent followed procedure. *Id.* Accordingly, the *Diamond* court found that the IRS's regulations and manual constituted a good faith interpretation of § 6103. *Id.* at 435–37.

■ This Court adopts the analyses of *Barrett* and *Diamond* in tandem, and finds that the good faith exception applies, and thus bars a plaintiff from recovering damages under § 7431, where 1) the agent or agents who disclosed tax return information in violation of § 6103 followed the relevant agency regulations and/or manuals, and 2) the regulations and/or manuals followed by those agents constituted a reasonable interpretation of the law. This rule is most desirable, for it requires both the agent himself and the agency to have made a good faith effort to follow the law. The question before the Court here is therefore twofold. First, the Court must determine whether the special agents fol-

lowed the relevant IRS procedures during their actions relevant to Plaintiff's present suit. Second, if such procedures were indeed followed, the Court must determine whether the IRS procedures amount to a reasonable interpretation of 26 U.S.C. § 6103. Because the Court finds herein that the agents here acted in good faith, the Court assumes for purposes of its analysis that the disclosures made here were in fact in violation of § 6103.

■ First, Agent Merchant and the other CID agents in question, followed IRS procedures with respect to all of the allegedly illegal disclosures. When personally serving an administrative summons, IRS Special Agents are required by the Internal Revenue Manual to introduce themselves and display their credentials to the person upon whom they are serving. *See* Int. Rev. Man. § 977(11).1(4). Agents Merchant and Capece also received more specific training from the IRS with respect to 26 U.S.C. § 6103 and what taxpayer-related information they may and may not disclose, and were trained that they may always present to a third party 1) their name, 2) their title, agency, *and division,* 3) their badge and credentials, and 4) the name of the taxpayer about whom they are seeking information. The agents also state that they follow the Special Agents Handbook, in which Section 9.3.1.3 advises them that 26 U.S.C. § 6103(k)(6) authorizes them to disclose return information to third parties to the extent reasonably necessary to obtain information not provided by the taxpayer under investigation. Agents Merchant and Capece have sworn, and Plaintiff does not dispute, that they followed all of the above-described procedures when interviewing the third-party witnesses in this case. The latter section would apply to the letters that Agent Merchant sent, along with summonses, to potential third-party witnesses in this case.

Second, the IRS procedures followed by these agents, those contained within the Internal Revenue Manual, constitute a reasonable interpretation of the law with respect to 26 U.S.C. § 6103 and the disclosure of criminal investigations to third-party witnesses. The courts that have addressed this very question, whether discrete written and oral disclosures of an investigating agent's affiliation with CID violates § 6103, have held that they do not. In *Gandy,* the Fifth Circuit found that IRS agents acted in good faith in orally disclosing to potential witnesses that the taxpayer was under criminal investigation, and particularly were authorized to display badges identifying themselves as CID agents. 234 F.3d at 284–87. Similarly, in *Roebuck v. United States,* 1999 WL 501003, at *2–3 (E.D.N.C.), *aff'd,* 84 A.F.T.R.2d 99–7051 (4th Cir. Nov. 23, 1999), the court found than an IRS agent acted properly when she mailed summonses to companies and included a business card bearing the CID identification. This Court does not find, nor does Plaintiff present, any case law holding that CID agents must carry separate identification without the CID description, refuse to identify themselves as CID agents, or otherwise purposefully conceal the fact that they are agents of that division.

Plaintiff's reliance upon *Barrett* for the proposition that Defendant's agents' self-identification as CID agents violates § 6103 is misguided. *Barrett* dealt specifically with "circular letters," which are the broad mass-mailings sent by the IRS to, for example, all customers of a target's business and are usually used when the IRS cannot identify more narrowly from whom information is desired. *See, e.g.,*

*Roebuck,* 1999 WL 501003, at *3 (defining "circular letters"). No such letters were mailed by the agents in this case, rather the agents submitted summonses with cover letters to specific entities and conducted targeted personal interviews. For that reason, *Barrett* is inapplicable to this case, other than to lend general guidance to the court on the good faith issue. *See also Gandy,* 234 F.3d at 286 (describing the differences between circular letters and personal interviews); *Roebuck,* 1999 WL 501003, at *3 ("circular letters ... are materially different from ... individual and discrete contacts made by [an IRS agent]"). Because the training and procedures upon which the agents here relied are consistent with the case law on the subject, they constitute a reasonable interpretation of 26 U.S.C. § 6103.

Because the IRS CID agents involved in Plaintiff's suit followed the procedures and training provided them by the IRS, and because those procedures constitute a reasonable interpretation of the law by the IRS, Defendant is entitled to summary judgment on these claims based upon the good faith exception found in 26 U.S.C. 7431(b).

2. *Plaintiff's Claim that IRS Agents Illegally Disclosed the Criminal Nature of their Investigation to Attorney Alan Rose*

Defendant moves for summary judgment with respect to Plaintiff's claim that IRS Agents violated 26 U.S.C. § 6103 by unnecessarily disclosing the criminal nature of their investigation to Plaintiff's former attorney, Alan Rose. At oral argument, Plaintiff conceded that summary judgment should be granted in favor of Defendant on this claim. It is therefore unnecessary for the Court to consider the merits of this claim, and the Court accordingly grants summary judgment in favor of Defendant.

## IV. *CONCLUSION*

For the reasons stated herein, and after consideration of the pleadings, the record, and oral argument, the Court finds that there are no material facts in dispute and that Defendant is entitled to summary judgment as a matter of law on all of Plaintiff's claims. For these reasons, it is hereby

ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment [DE 18], filed February 13, 2001, is **GRANTED.** Plaintiff's complaint is **DISMISSED WITH PREJUDICE.** The Clerk of Court shall CLOSE this case and DENY all pending motions as **MOOT.**